**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **JOHN T. KEMP,**<br><br>     **Plaintiff,**<br><br>     v.<br><br>**PRO CAP 4 LLC, *et. al.*,**<br><br>     **Defendants.** | **Case No. 25–cv–02174–ESK–SAK**<br><br><br>**OPINION AND ORDER** |

   **THIS MATTER** having come before the Court *sua sponte* pursuant to 28 U.S.C. §(Section) 1915; and the Court finding:

   1.   Plaintiff John T. Kemp filed the instant complaint on March 30, 2025. (ECF No. 1–1 (Compl.).)   Plaintiff challenges the foreclosure on his home, including defendants' alleged retention of surplus equity.   (*Id.* p. 5.)   A tax lien sale was allegedly held in October 2016 and plaintiff did not receive notice until June 2020.   (*Id.* p. 13.)   Plaintiff states that the appraised value of the property was $400,000 while the tax debt was $50,000.   (*Id.*)   Plaintiff claims that he was denied opportunities to redeem the property and that he incurred significant expense and serious health issues as a result of his ejection.   (*Id.* pp. 13, 14.)   The New Jersey Superior Court – Appellate Division[1] allegedly did not meaningful address plaintiff's constitutional claims in denying his motion to vacate foreclosure and his efforts to seek relief from a variety of state and local agencies have been unsuccessful.   (*Id.* pp. 14–18.)

   2.   Plaintiff included with his complaint an application to proceed *in forma pauperis*.   (ECF No. 1–4.)   He later moved for injunctive relief to "prevent[] any sale, transfer, or further encumbrance of the subject property," "[f]reeze any funds or proceeds derived from the property or its equity," and

---

[1] Plaintiff acknowledges that, as of the complaint's filing, a hearing was scheduled before the Appellate Division. (Compl. p. 8.)   With little explanation, plaintiff asserts that the "state court action has not and is not expected to adjudicate the core federal constitutional violations at issue in this case …."   (*Id.*)   This decision rests solely on deficiencies in plaintiff's pleading, but I note here that abstention and preclusion doctrines may also be applicable to plaintiff's claims.

"[p]reserve the status quo pending the resolution of this action."    (ECF No. 5 (Mot. Prelim. Inj.).)

3.    Pursuant to Section 1915, a court may authorize an action "without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor."    28 U.S.C. § 1915(a)(1). Though Section 1915(a) refers to prisoners, non-prisoners may also commence legal actions without the prepayment of fees and costs.    *See Massaro v. Balicki*, Case No. 13–06958, 2016 WL 1182257, at *1 n.1 (D.N.J. Mar. 28, 2016). Whether to grant a litigant *in forma pauperis* status turns on their economic eligibility.    *Casiano v. Colvin*, Case Nos. 23–21871 & 23–23361, 2024 WL 2013950, at *1 (D.N.J. May 7, 2024).    While a litigant need not be "absolutely destitute," they must demonstrate an inability to pay filing and docketing fees. *Id.* (quoting *Taylor v. Sup. Ct.*, 261 F. App'x 399, 400 (3d Cir. 2008)).

4.    I am satisfied upon review of plaintiff's application that he is unable to pay filing and docketing fees.    I will therefore grant him status to proceed *in forma pauperis*.

5.    This does not conclude the inquiry.    If a court grants a plaintiff's application to proceed *in forma pauperis*, it must screen the complaint pursuant to Section 1915(e)(2)(B) before issuing any summonses.    *See In re Wolf*, 696 F. App'x 599, 600 (3d Cir. 2017).    Specifically, Section 1915(e)(2)(B) directs courts to dismiss an action upon a determination that it fails to state a claim on which relief may be granted or seeks monetary relief from a defendant that is immune from such relief.    28 U.S.C. § 1915(e)(2)(B)(ii)–(iii); *see also Talley v. Simandle*, 599 F. App'x 33, 34 (3d Cir. 2015) ("In screening IFP complaints, a district court must dismiss an action if it fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant immune to such a claim.").

6.    As a general matter, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief."    Fed. R. Civ. P. 8(a)(2).    "Shotgun pleadings," which may consist of "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions" do not meet Rule 8's requirements. *See Jones v. Bell Mitsubishi*, Case No. 22–05494, 2022 WL 10075269, at *2 (D.N.J. Oct. 17, 2022) (quoting *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321–23 (11th Cir. 2015)) (dismissing a complaint pursuant to Section 1915(e)(2)(B) for failure to comply with Rule 8).    Much of the complaint refers to the actions of defendants generally without specifying which actions were allegedly taken by which defendants.    Beyond failing to comply with even a liberal interpretation of Rule 8, such allegations complicate plaintiff's

constitutional claims as several defendants are private individuals or entities and are not readily identifiable as state actors.   (*See* Compl. pp. 11, 12.)[2]

7.    On the merits, plaintiff relies heavily on *Tyler v. Hennepin County*, 598 U.S. 631 (2023). His allegations are readily distinguishable. The defendant in *Tyler* seized the plaintiff's property, sold it for $40,000, and retained the $25,000 difference between the sale price and tax debt.   *Tyler*, 598 U.S. at 634–35.   Here, plaintiff refers to the property's appraised value (Compl. p. 13) which is not synonymous with his equity in the property.

8.    Further, it is unclear that the property has been sold with surplus equity retained.   Plaintiff's request to "[e]njoin[] any further attempts to sell, transfer, or profit from the subject property" (*id.* p. 34) and motion to "prevent[] any sale, transfer, or further encumbrance of the subject property" (Mot. Prelim. Inj. p. 2) indicate that no sale has yet taken place.   Indeed, plaintiff recently raised a similar argument in state court and the Appellate Division concluded that plaintiff "unlike *Tyler*, has not demonstrated any credible evidence establishing any surplus equity in the [p]roperty" and therefore "failed to establish that he has a constitutionally recognized right in surplus equity, which *Tyler* sought to protect."   *PC4REO, LLC v. Kemp*, Case No. A–3105–23, 2025 WL 1271857, at *5 (N.J. Super. Ct. App. Div. Apr. 2, 2025).

Accordingly,

**IT IS** on this **1st** day of **July 2025   ORDERED** that:

1.    Plaintiff's application to proceed *in forma pauperis* (ECF No. 1–4) is **GRANTED**.

2.    Plaintiff's complaint (ECF No. 1–1) is **DISMISSED WITHOUT PREJUDICE**.

3.    The motion at ECF No. 5 is **DENIED WITHOUT PREJUDICE**.

4.    The Clerk is directed to mark this case **CLOSED**.

*/s/ Edward S. Kiel*
**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**

---

[2] If plaintiff seeks to reopen this case and file an amended complaint, he shall plead with specificity which defendant is responsible for each alleged action.